UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFTON D. HARPER, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0970** |
| **TYRONE WRIGHT, ET AL.** | **SECTION: "A" (4)** |

### ORDER

Before the Court are Plaintiffs' Dorothy, Therisa, and Clifton Harper, Jr.'s (the "Harpers") **Motion to Quash Deposition/Request for Protective Order (R. Doc. 135)**, seeking an order from this court requiring the deposition of Dr. Anthony Ioppolo ("Ioppolo") be quashed and/or issuing a protective order limiting the scope of Ioppolo's testimony. The motion is opposed. (R. Doc. 143). The motion was set for hearing with oral argument on August 22, 2012. However, upon further review, and for reasons discussed below, the motion can be decided on the briefs.

The Harpers filed this suit against Defendants Tyrone E. Wright ("Wright"), American Bestway Transportation ("Bestway"), and Hartford Insurance Company ("Hartford") (collectively, "Defendants") (R. Doc. 35, ¶ 1).[1] The Harpers allege that on December 2, 2010, Wright, in the course of his employment with Bestway, negligently failed to maintain control of a semi truck insured by Hartford. *Id.* at 2-5.[2] Wright's negligence caused his semi to collide with a dump truck

---

[1] The Harpers originally filed this action in Louisiana state court. (R. Doc. 1-5). On November 17, 2011 Bestway removed the action to the U.S. District Court for the Eastern District of Louisiana. (R. Doc. 1).

[2] The accident occurred on Interstate 55 in Tangipahoa Parish, Louisiana. (R. Doc. 35, ¶ 2).

driven by the Harpers' father, Clifton Harper, Sr. ("Harper, Sr."). *Id.* at 2.  Harper, Sr. sustained personal injuries to his lower back in the crash, which the Harpers allege led to his death on August 26, 2011.  *Id.* at 8.  The Harpers sued Wright, Bestway and Hartford in (1) a joint capacity on behalf of Harper, Sr. for his pre-death losses and his wrongful death, and (2) their individual capacities for loss of consortium.[3]

Ioppolo was deposed on September 29, 2011 by representatives for both the Harpers and Defendants.  (R. Doc. 135, pp. 1-2).  The deposition lasted one hour and fifteen minutes, during which Ioppolo's treatment and evaluation of Harper, Sr. was discussed.  *Id.* at 3.  Ioppolo did not render any treatment of Mr. Harper after April 21, 2011.  (R. Doc. 135, p. 4; R. Doc. 135-5, pp. 8, 31:19).[4]  The Harpers noticed the original deposition.  (R. Doc. 135-5, p. 1).

As to the instant motion, the Harpers seek an order from this court requiring the deposition of Ioppolo be quashed and/or a protective order limiting the scope of Ioppolo's testimony. Specifically, on June 20, 2012, the Harpers were allegedly re-noticed with the deposition of Ioppolo without any restriction.  (R. Doc. 135, p.2).[5]  However, the Harpers failed to attach the deposition notice nor the *subpoena duces tecum* along with their submission into the record.

Local Rule 7.4 states, "[i]f the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion." L.R. 7.4. The Harpers' motion, as submitted, is in contravention of the Rule.

---

[3] The Harpers' complaint was duly amended twice, with the last amendment occurring on November 18, 2011.  (R. Doc. 35).

[4] The citation to R. Doc. 135-5 is of a condensed deposition, on which four deposition pages are printed. The citation to "pp." is page 31 of said condensed deposition. Although plaintiffs aver that Ioppolo only saw Harper, Sr. on one occasion, 4/11/11, in his testimony Ioppolo states that he "literally saw [Harper, Sr.] on two days, but I put it all under the one date, which is the first date of 4/21/11." (R. Doc. 135-5, p. 8 31:17-19). Ioppolo's second, and final, examination of Harper, Sr. took place on 5/3/11. *Id.* at p. 8, 32:6-10).

[5] Because there is no evidence of submission of the alleged subpoena, it is not clear which defendants, if any, actually served the Harpers.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Dorothy, Therisa, and Clifton Harper, Jr. ("Harpers") **Motion to Quash Deposition/Request for Protective Order (R. Doc. 135)** is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of August, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**