UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLIFTON D. HARPER, SR.**　　　　　　　　　　CIVIL ACTION

**VERSUS**　　　　　　　　　　　　　　　　　　NO: 11-0970
　　　　　　　　　　　　　　　　　　　　　　　C/W 11-1998, 11-2654

**TYRONE E. WRIGHT**　　　　　　　　　　　　SECTION: "A" (4)

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 98)**, filed by Plaintiffs Dorothy Harper, Therisa Harper, and Clifton Harper, Jr. ("Plaintiffs"), seeking an order from this Court requiring Defendants Tyrone E. Wright, American Bestway Transportation, Inc., and Property & Casualty Insurance Company of Hartford ("Defendants") to supplement their responses to Plaintiffs' first set of discovery requests, and respond to Plaintiffs' second set of requests for production of documents. Defendants oppose the motion. (R. Doc. 102.)

Also before the Court is a **Joint Motion to Quash Deposition Subpoena of Jerry McGown and/or for Protective Order (R. Doc. 99)**, filed by Defendants, seeking an order from this Court quashing the deposition of third-party claims insurance adjuster, Jerry McGown ("McGown"). Alternatively Defendants seek a protective order precluding Plaintiffs from questioning McGown about matters protected by the work product and/or attorney-client privilege. Plaintiffs oppose the motion. (R. Doc. 102.)

Both motions were heard with oral argument on July 11, 2012. During the hearing, the Court

issued an oral order from the bench granting in part and denying in part Plaintiffs' Motion to Compel (R. Doc. 98) and denying Defendants' Joint Motion to Quash Deposition Subpoena of Jerry McGown and/or for Protective Order (R. Doc. 99). The following is a memorialization of the Court's order and reasons:

## I.   Background

This personal injury lawsuit is the result of an automobile accident in which Plaintiff, Clifton D. Harper, Sr. ("Harper") was injured, and eventually died.[1] Plaintiffs allege that on or about December 2, 2010, Harper's dump truck was struck from behind by a semi truck operated by Defendant, Tyrone E. Wright ("Wright"). (R. Doc. 35, ¶ 2.) Plaintiffs further allege that Harper's injuries, and eventual death, were proximately caused by Wright's negligence. (R. Doc. 35, ¶¶ 3, 8.) Plaintiffs seek damages from Wright; his employer, American Bestway Transportation, Inc.; and American Bestway Transportation, Inc.'s insurance company, Property & Casualty Insurance Company of Hartford. (R. Doc. 35, ¶¶ 3-5.)

Soon after the accident, Defendant American Bestway Transportation, Inc. retained McGown to investigate the incident and any potential claims that could arise as a result. On May 23, 2012, Plaintiffs issued a Re-notice of Deposition and a *subpoena duces tectum* to Salisbury, setting his deposition for June 27, 2012. (R. Doc. 99-4, pp. 6-8.)

As to Plaintiffs' Motion to Compel (R. Doc. 98), Plaintiffs seek an order from this Court requiring Defendants to supplement their responses to Plaintiffs' first set of discovery requests, and respond to Plaintiffs' second set of requests for production of documents. Plaintiffs also request an order requiring Defendants to produce McGown for deposition regarding his pre-lawsuit

---

[1] Harper died on August 26, 2011. (R. Doc. 35, ¶ 8.)

investigation of the incident.

Defendants oppose the motion and argue that Plaintiffs' request for discovery responses is now moot. They further argue that Plaintiffs are not entitled to depose McGown regarding his investigation of the incident, as his investigation and the documents created as a result were prepared in anticipation of litigation and are not discoverable.

As to Defendants' Joint Motion to Quash Deposition Subpoena of Jerry McGown and/or for Protective Order (R. Doc. 99), Defendants seek an order from this Court quashing the notice of deposition of McGown. Alternatively Defendants seek a protective order precluding Plaintiffs from questioning McGown about matters protected by the work product and/or attorney-client privilege. Defendants argue their motion should be granted because the information sought in McGown's deposition is (1) protected by the work product doctrine and the attorney-client privilege; (2) cumulative, burdensome, and may be more easily obtained elsewhere; and because Plaintiffs will suffer no undue hardship in obtaining this information through other means.

Plaintiffs oppose the motion and argue that they should not be precluded from asking McGown questions about his investigation, including questions regarding his conversations with Wright because such investigation was done in the routine course of business and not in anticipation of litigation.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

**III.    Analysis**

During the hearing on the matter, the parties informed the Court that the only remaining issue was whether and to what extent Plaintiffs should be permitted to depose McGown. Accordingly, the Court's analysis is limited to that issue.

During the hearing, counsel for Plaintiffs argued that he should be permitted to depose McGown regarding what information McGown discovered during his investigation of the incident *prior to* the date Plaintiffs' lawsuit was filed. Counsel further argued that no privilege attached to McGown's pre-lawsuit investigation because, at that time, litigation was not imminent and

4

McGown's investigation was done in the ordinary course of business. Counsel also contended that Defendants bear the burden of establishing that McGown's investigation, including his conversation(s) with Wright were done in anticipation of litigation. Where, as here, the only evidence presented by Defendants is (1) an affidavit from McGown stating litigation was likely; and (2) a January 13, 2011 letter from Plaintiffs' former counsel regarding Plaintiffs' intent to file suit, counsel for Plaintiffs argued Defendants have not met their burden of establishing that McGown's investigation - prior to January 13, 2011 - is privileged.

Counsel also argued that until January 13, 2011, when Defendants received a letter from Plaintiffs' former counsel regarding Plaintiffs' intent to file suit, litigation was not likely or imminent. Further, even if the Court found McGown's investigation - prior to January 13, 2011 - is privileged, Plaintiffs are unable to duplicate McGown's investigation, particularly his conversation(s) with Wright, by any other means. According to counsel, because Wright's version of the incident conflicts with McGown's investigation notes, the only way to determine what Wright said to McGown during McGown's pre-lawsuit investigation is ask McGown.

Counsel also argued that he should be permitted to depose McGown regarding his handwritten notes, what he knew and when he knew it, and whether he was involved in Defendants' purported change in position regarding who caused the crash. Counsel contended that any objections to these types of questions at this stage are premature, can be stated on the record during the deposition, and resolved by the Court, if necessary.

In opposition, counsel for Defendants contended that counsel for Plaintiffs' request during the hearing was not in line with what Plaintiffs' requested in their motion. Counsel argued that Plaintiffs' initial notice of deposition was not restricted, and included topics related to McGown's

strategic thoughts.

Counsel conceded that McGown was not retained by an attorney. Rather, he was retained by Defendant Property & Casualty Insurance Company of Hartford the day after the crash. According to counsel, after assessing what information needed to be gathered, McGown contacted the company that owned the dump truck driven by Harper, attempted to contact Harper regarding his injuries and medical needs, and gathering information for a likely claim for physical injuries, medical expenses, and property damage. Counsel contended that McGown received a letter from Plaintiffs' former attorney about thirty-five (35) days after he started his investigation. Counsel further argued that Defendants should not be penalized for attempting to gather as much information as possible immediately after the crash so they can make strategic decisions as to how to handle potential claims.

After further questioning by the Court, however, counsel conceded that McGown's activities prior to January 13, 2011 were the traditional activities of a claims adjuster, who was trying to gather as much information as possible, and attempt to resolve the claim short of litigation. Counsel further conceded that McGown communicated with Wright, and contemporaneously took notes on a Loss Notice form, prior to receiving the letter from Plaintiffs' former counsel. Counsel also agreed that Plaintiffs should be permitted to question McGown about his investigative/claims adjusting activities, including conversations he had with non-attorneys, regarding the incident before January 13, 2011.

After considering the parties arguments and the fact that Defendant Property & Casualty Insurance Company of Hartford authorized the retention of McGown, the Court concluded that Plaintiffs' should be permitted to depose McGown. Accordingly, the Court denied Defendants'

motion to quash and granted in part and denied in part Plaintiffs' motion to compel. The Court limited the deposition, however, to questions about McGown's investigative and claims adjusting activities, including conversations he had with non-attorneys, and his factual development of information, between December 3, 2009 and January 13, 2011.

## IV. Conclusion

**IT IS ORDERED** that Plaintiffs' **Motion to Compel (R. Doc. 98)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants **Joint Motion to Quash Deposition Subpoena of Jerry McGown and/or for Protective Order (R. Doc. 99)** is **DENIED**.

New Orleans, Louisiana, this 31st day of August 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**